|    |    |
|----|----|
| 1  |    |
| 2  |    |
| 3  |    |
| 4  | UNITED STATES DISTRICT COURT |
| 5  | NORTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| ASHTON WOODS HOLDINGS L.L.C., et al., <br><br> Plaintiffs, <br><br> v. <br><br> USG CORPORATION, et al., <br><br> Defendants. | Case No. 15-cv-01247-HSG <br><br> **ORDER GRANTING RENEWED MOTION TO SEAL** <br><br> Re: Dkt. No. 72 |

Plaintiffs filed a renewed motion to file under seal portions of two of the three exhibits that were the subject of Plaintiffs' previous motion to seal. Dkt. No. 72. For the reasons articulated below, the Court **GRANTS** the motion.

**I.   LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted).

Records attached to nondispositive motions must meet the lower "good cause" standard of

Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotation omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II.     DISCUSSION

On October 13, 2020, Defendants requested leave to file a motion for reconsideration of the MDL Court's summary judgment ruling on choice of law. Dkt. No. 59. Plaintiffs previously filed an administrative motion to file documents under seal in connection with Defendants' motion for leave to move for reconsideration. Dkt. No. 61. Specifically, Plaintiffs sought to file under seal the entirety of the summary judgment briefs, Exhibits 1-3 to the Declaration of Diane Doolittle. *See* Dkt. No. 61-4 (Ex. 1); Dkt. No. 61-5 (Ex. 2); Dkt. No. 61-6 (Ex. 3). The Court denied Plaintiffs' motion because Plaintiffs failed to narrowly tailor their requests to only cover the portions of the exhibits that refer directly to confidential and proprietary business information. Dkt. No. 71. Plaintiffs now file a renewed motion seeking to seal select portions of Defendant's Opening Summary Judgment Brief and Plaintiff's Opposition Brief. Dkt. No. 72. Because Plaintiffs move to file documents related to Defendants' motion to reconsider the MDL court's summary judgment ruling, the Court will apply the "compelling reasons" standard.

The Court finds that Plaintiffs have narrowly tailored their requests to only cover the portions of the exhibits that refer directly to confidential and proprietary business information, or sensitive personally identifiable information. As to Defendant's Opening Summary Judgment Brief, Plaintiffs move to seal a single image that "details the ways in which Plaintiffs . . . purchased wallboard, through what entities, and where." *Id.* at 4. The public release of this information could give non-party competitors an unfair advantage. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (ordering sealing where documents could be used "'as sources of business information that might harm a litigant's competitive standing'") (quoting *Nixon v.*

*Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). As to Plaintiffs' Opposition Brief, Plaintiffs move to seal two phone numbers associated with Defendants' employees. *Id.* The Court also finds that compelling reasons exist to seal this potentially sensitive identifying information. *See Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (ordering sealing where documents contained "personally identifiable information of third-party individuals, including" phone numbers).

### III.   CONCLUSION

Because the Court finds that Plaintiffs have established compelling reasons to seal the limited portions of the exhibits, Plaintiffs' renewed motion to file under seal is **GRANTED**. The Court **DIRECTS** Plaintiffs to file redacted versions of these documents on the public docket within seven days of this order.

**IT IS SO ORDERED.**

Dated: 2/8/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge