UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHTON WOODS HOLDINGS L.L.C., et al., <br><br> Plaintiffs, <br><br> v. <br><br> USG CORPORATION, et al., <br><br> Defendants. | Case No. 15-cv-01247-HSG <br><br> **ORDER DENYING MOTION FOR LIVE-STREAMED TRIAL TESTIMONY AND DENYING AS MOOT MOTIONS TO INTERVENE AND SHORTEN TIME** <br><br> Re: Dkt. Nos. 82, 91, 92, 97, 98 |

Pending before the Court is Plaintiffs' motion for live-streamed trial testimony, for which briefing is complete. Dkt. No. 82 ("Mot."), Dkt. No. 101 ("Opp."), 115 ("Reply").[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

Plaintiffs seek to present the testimony of several out-of-state witnesses by live-streamed video at trial, relying on Federal Rule of Civil Procedure 43. That rule provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a).

However, Plaintiffs' request is precluded by Rule 45. That rule allows the Court to issue subpoenas for a "person to attend a trial . . . only as follows": "(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person," or for certain witnesses, "(B) within the state where the person resides, is employed, or regularly transacts business in

---

[1] On March 16, 202021, the Court granted Plaintiffs' unopposed Motion to Shorten Time for the hearing, set a shortened briefing schedule, and said that it would set a hearing date if it determined that one is necessary. Dkt. No. 85.

person . . ." Fed. R. Civ. P. 45(c).  Plaintiffs' reading of Rule 43 would negate the limitations built into Rule 45, and accordingly fails for the reasons many courts have articulated in rejecting identical requests.  *See Roundtree v. Chase Bank USA, N.A.*, No. 13-239 MJP, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014) (rejecting plaintiff's "attempts to avoid the geographic limits of FRCP 45(c) by arguing that trial testimony via live video link moves a trial to the physical location of the testifying person"); *Ping-Kuo Lin v. Horan Cap. Mgmt., LLC*, No. 14 CIV. 5202 LLS, 2014 WL 3974585, at *1 (S.D.N.Y. Aug. 13, 2014) (concluding that Rule 43(a) "does not operate to extend the range or requirements of a subpoena"); *Lea v. Wyeth LLC*, No. 1:03-CV-1339, 2011 WL 13195950, at *1 (E.D. Tex. Nov. 22, 2011) ("There is nothing in the language of Rule 43(a) that permits this court to compel the testimony of an individual who is indisputably outside the reach of its subpoena power.").  Rule 45 contains no exception that would permit the Court to decree that out-of-state witnesses are within 100 miles of a trial in Oakland, California because streaming facilities exist in their states, and the fact that the witnesses at issue are beyond that radius and unwilling to travel voluntarily to this district to testify disposes of Plaintiffs' motion.

Moreover, even if the Court could exercise subpoena authority requiring witnesses beyond Rule 45's clear geographical limits to provide video testimony from where they live, Plaintiffs come nowhere close to satisfying the requirements of Rule 43.  The Court finds this to be the "ordinar[y]" case in which "depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena." Fed. R. Civ. P. 43, Advisory Committee Notes, 1996 Amendment.  No "unexpected reason" for these witnesses' unavailability is present here: they are, and have at all relevant times been, in other states beyond this Court's ability to compel them to come to California for a trial.  Moreover, it is undisputed that Plaintiffs could have deposed these witnesses, but chose not to do so.  Nothing in this record constitutes a "compelling circumstance."  To the contrary, this case presents the routine circumstance in which Plaintiffs were amply on notice that these witnesses might well decline to travel to this district for trial, and should have proceeded accordingly if they wanted deposition testimony beyond what now exists.  *See id.* ("A party who could reasonably foresee the

circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.").

Accordingly, Plaintiffs' motion for live-streamed trial testimony is **DENIED**. Additionally, several non-parties filed motions to intervene to oppose Plaintiffs' motion, *see* Dkt. No. 91, 97, and motions to shorten time for the hearings on the motions to intervene, *see* Dkt. No. 92, 98. In light of the Court's ruling denying Plaintiffs' motion, the Court **DENIES AS MOOT** the motions to intervene and motions to shorten time.

**IT IS SO ORDERED.**

Dated: 4/5/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge